IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AMERICAN HOMES 4 RENT | § | |
| PROPERTIES EIGHT, LLC, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:15-cv-1667-M-BN |
| | § | |
| SHELLEY ORTOLANI, ET AL., | § | |
| | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial

management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from

United States District Judge Barbara M.G. Lynn. The undersigned magistrate judge

issues the following findings of fact, conclusions of law, and recommendation that the

motion to remand this civil action to state court filed by Plaintiff American Homes 4

Rent Properties Eight, LLC [Dkt. No. 7] should be granted.

**Background**

On May 13, 2015, Defendant Trent S. Griffin, Sr. ("Griffin"), proceeding *pro se*,

removed this forcible detainer action brought in state court by Plaintiff to this Court.

*See* Dkt. No. 1. On May 14, 2015, the Court entered an order questioning the propriety

of removal but granting Griffin an opportunity to, no later than May 28, 2015, either

establish that federal jurisdiction is proper over this case or file a written response

advising the Court whether he will agree that the case should be remanded to state

court. *See* Dkt. No. 6. On May 15, 2015, Plaintiff filed its motion to remand, asserting that Griffin has failed to identify a federal question in its state court action, that Griffin cannot remove the action on the basis of diversity jurisdiction because he is a citizen of Texas, and that Griffin has not otherwise established diversity jurisdiction by establishing the requisite amount in controversy. *See* Dkt. No. 7. Griffin filed a response on May 28, 2015. *See* Dkt. No. 10.

The undersigned now concludes that, because the removal of this action was defective – since it contravened the forum-defendant rule – and because this Court lacks subject matter jurisdiction over this action, the motion to remand should be granted and this action should be remanded to the Justice Court of Dallas County, Texas, Precinct 4, Place 1, the court from which it was removed.

**Legal Standards**

A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a). The federal courts' jurisdiction is limited, and federal courts generally may only hear a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332; *cf. Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) (federal courts have independent duty to examine their own subject matter jurisdiction). "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).

The removing party bears the burden of establishing jurisdiction. *See Miller v.*

*Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.,* 706 F.2d 633, 636 & n.2 (5th Cir. 1983)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

In diversity cases, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. §§ 1332(a), (b). If no amount of damages has been alleged in the state court petition, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995). The amount in controversy in an eviction proceeding, such as this one, is the value of the right to occupy or possess the property at issue. *See, e.g., Fed. Nat. Mortg. Ass'n v. Talley*, No. 3:12-cv-1967-N-BH, 2012 WL 4005910, at *2 (N.D. Tex. Aug. 16, 2012), *rec. adopted*, 2012 WL 4005760 (N.D. Tex. Sep. 11, 2012) (citing cases).

Further, under the so-called "forum-defendant rule," an action may not be removed on the basis of diversity jurisdiction if any defendant, properly joined and served, is a citizen of the state where the plaintiff filed suit. *See* 28 U.S.C. § 1441(b)(2). This defect in the removal renders the removal defective. *See In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 391 (5th Cir. 2009) (removal of case in violation of "forum-defendant

rule" is defective). But this defect is procedural in nature and must be raised in a motion to remand made within 30 days of removal. *See* 28 U.S.C. § 1447(c); *Exxon*, 558 F.3d at 393, 396.

Federal question jurisdiction, under 28 U.S.C. § 1331, "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). "A civil action filed in a state court may be removed to federal court if the claim is one 'arising under' federal law," and, "[t]o determine whether the claim arises under federal law, we examine the 'well pleaded' allegations of the complaint and ignore potential defenses: [A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Anderson*, 539 U.S. at 6 (citation and internal quotation marks omitted).

To support removal, therefore, a defendant "must locate the basis of federal jurisdiction in those allegations necessary to support the plaintiff's claim." *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995). "A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (quoting *Carpenter*, 44 F.3d at 366).

And a defense or counterclaim, even if it is based in federal law or raises a

disputed question of federal law, will not support federal question jurisdiction for purposes of removal. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Nor can federal question jurisdiction rest upon an actual or anticipated counterclaim."); *id.* at 62 ("Under our precedent construing § 1331 ..., counterclaims, even if they rely exclusively on federal substantive law, do not qualify a case for federal-court cognizance."); *Jefferson County, Ala. v. Acker*, 527 U.S. 423, 430-31 (1999) ("To remove a case as one falling within federal-question jurisdiction, the federal question ordinarily must appear on the face of a properly pleaded complaint; an anticipated or actual federal defense generally does not qualify a case for removal."); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("Thus, it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."); *see also MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002) ("A defense that raises a federal question is insufficient.").

Rather, "[w]hen an action is brought to federal court through the § 1441 mechanism, for both removal and original jurisdiction, the federal question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed and the case seeks entry into the federal system. It is insufficient that a federal question has been raised as a matter of defense or as a counterclaim." *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326-27 (5th Cir. 1998) (internal quotation marks omitted). Thus, "there is generally no federal jurisdiction if the

plaintiff properly pleads only a state law cause of action." *MSOF Corp.*, 295 F.3d at 490. When a plaintiff's pleadings set forth only state law claims, a federal district court has federal question jurisdiction to entertain the action only if "(1) the state law claims necessarily raise a federal issue or (2) the state law claims are completely preempted by federal law." *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008); *see also Anderson*, 539 U.S. at 8 ("Thus, a state claim may be removed to federal court in only two circumstances – when Congress expressly so provides, such as in the Price-Anderson Act, or when a federal statute wholly displaces the state-law cause of action through complete pre-emption." (citation omitted)); *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 680 (5th Cir. 2001) ("Thus, to support removal, the defendant must show that a federal right is an essential element of the plaintiff's cause of action.").

## Analysis

In the notice of removal, Griffin alleged that the Court has jurisdiction over this matter on both diversity jurisdiction and federal question grounds. *See* Dkt. No. 1 at 2. Griffin, however, failed to allege facts to show that either federal question jurisdiction or diversity jurisdiction is proper. In his response filed May 28, 2015, Griffin asserted "it would not be proper" to present to this Court evidence as to the amount in controversy because he "is currently involved in a suit as it pertains to the property for First Amendment violations against the seller of the property." Dkt. No. 10 at 2. He further asserted that a forcible detainer action "violates [his] federal constitutional rights" and appears to argue that, because the Justice Court lacked jurisdiction over this action, this Court has jurisdiction pursuant to 28 U.S.C. § 1441(f).

*Id.* at 3-4.

First, insofar as Griffin removed on the basis of diversity jurisdiction, remand is appropriate on the basis of the forum-defendant rule, which Plaintiff has timely raised. *See* Dkt. No. 7 at 5. Griffin has represented that he is a citizen of Texas – the same state in which Plaintiff filed the underlying eviction proceeding. *See* Dkt. No. 1 at 1; Dkt. No. 10 at 1. And Griffin has not argued or established that he was not properly joined and served in the state court action. Accordingly, insofar as Griffin removed on the basis of diversity jurisdiction, the case should be remanded for this reason.

Griffin has also failed to establish federal question jurisdiction. While he asserts in the notice of removal that this "suit involves a federal question," none of the claims that he identifies therein – claims "under common law fraud, [the] Uniform Fraudulent Transfer Act, insolvency, exemption of homestead and/or place to exercise a calling or business (asset) of a single adult person, fraudulent conveyance of property, Texas Constitution Article 16 section 50, and resolution of a title dispute[,]" Dkt. No. 1 at 2 – are based in federal law or raise a disputed question of federal law, and all of the claims that Griffin identifies are merely defenses or counterclaims. *See Vaden*, 556 U.S. at 60, 62; *Acker*, 527 U.S. at 430-31; *Caterpillar*, 482 U.S. at 393; *MSOF Corp.*, 295 F.3d at 490. To the extent that Griffin claims that the forcible detainer action "violates [his] federal constitutional rights," Dkt. No. 10 at 2, that claim, too, is merely a defense or counterclaim, and, thus, even if it is based in federal law or raises a disputed question of federal law, it will not support federal question jurisdiction for

purposes of removal.

In the notice of removal, moreover, Griffin failed to allege, much less show, that Plaintiff raised any federal law causes of action or any substantial, disputed question or issue of federal law in its state court forcible detainer action or that Plaintiff's state law claims are completely preempted by federal law. As a result, Griffin has not established that federal question jurisdiction exists under 28 U.S.C. § 1331. *See Stump v. Potts*, 322 F. App'x 379, 380 (5th Cir. Apr. 17, 2009) (per curiam) ("The complaint filed in the state court was a simple suit to evict arising under state law. The complaint provided no basis for federal question jurisdiction. The fact that Potts brought up possible federal question claims in her answer and counterclaim cannot be considered in determining the existence of removal jurisdiction. Therefore, the district court lacked jurisdiction to allow the removal of the action." (citations omitted)); *Federal Nat'l Mortg. Ass'n v. Elliott*, No. 3:10-cv-1321-L, 2010 WL 4627833, at *3 (N.D. Tex. Nov. 16, 2010) ("Forcible detainer actions do not meet [the well-pleaded complaint rule's] standard. Plaintiff's Complaint is simply one to evict Defendants and obtain physical possession of the Property under state law. The Complaint raises no federal claim or issue and provides no basis for federal question jurisdiction. The proper court for a forcible detainer action under Texas law is '[a] justice court in the precinct in which the real property is located....' TEX. PROP. CODE ANN. § 24.004 (Vernon 2000). There is no state action in a non-judicial foreclosure and subsequent forcible detainer action. *See Barrera v. Security Bldg. & Inv. Corp.,* 519 F.2d 1166, 1174 (5th Cir. 1975). Because the Complaint does not raise a federal issue and no state law claim has been

completely preempted by federal law, this court lacks subject matter jurisdiction on this basis to entertain this action."); *accord U.S. Bank Nat'l Ass'n v. McAfee*, No. 4:12-cv-804-A, 2013 WL 48500, at *1-*2 (N.D. Tex. Jan. 3, 2013) (remanding forcible detainer action under similar circumstances); *Wells Fargo Bank v. Matts*, No. 3:12-cv-4565-L, 2012 WL 6208493, at *4-*5 (N.D. Tex. Dec. 13, 2012) (same).

Finally, Griffin's Section 1441(f) argument should be rejected. He appears to argue that this forcible detainer action is outside the jurisdiction of a Justice Court because he asserts this case involves a title dispute. Thus, he argues, because the Justice Court lacked jurisdiction, this federal court has subject matter jurisdiction. *See* Dkt. No. 10 at 3 ("a federal court is not precluded from hearing and determining any claim in a civil action because the state court from which the actions was removed under section 1441 lacked jurisdiction over the claim").

But the provision of the removal statute on which Griffin relies, 28 U.S.C. § 1441(f), "limits the abrogation of the derivative jurisdiction doctrine to cases removed under 28 U.S.C. § 1441." *Lopez v. Sentrillion Corp.*, 749 F.3d 347, 351 (5th Cir. 2014) (quoting 14B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, ET AL., FEDERAL PRACTICE AND PROCEDURE § 3721 (4th ed. 2012)). That doctrine – which does not apply to this case –

> maintains that when a case is removed from state to federal court, the jurisdiction of the federal court is derived from the state court's jurisdiction. Thus, "[w]here the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although in a like suit originally brought in a federal court it would have had jurisdiction."

*Id.* at 350 (quoting *Minnesota v. United States*, 305 U.S. 382, 389 (1939) (citing *Lambert Run Coal Co. v. Baltimore & Ohio R. Co.*, 258 U.S. 377, 383 (1922) & *General Investment Co. v. Lake Shore & M.S. Ry. Co.*, 260 U.S. 261, 288 (1922))).

If anything, the derivative jurisdiction doctrine limits this Court's jurisdiction in the removal context. *See Lopez*, 749 F.3d at 351 (concluding that, in a case removed under 28 U.S.C. § 1442, the doctrine stripped the federal court of jurisdiction of an FTCA claim brought in state court because "federal sovereign immunity deprived the state court of subject matter jurisdiction"). And Section 1441(f)'s abrogation of that doctrine in certain cases – such that a federal court can exercise jurisdiction that it would otherwise have even if the originating state court lacked jurisdiction – does not, as Griffin seems to argue, expand the Court's subject matter jurisdiction to cases over which it does not otherwise have jurisdiction. *See Szanto v. Lewin*, No. CV 12-00535 MMM (DTBx), 2012 WL 4513745, at *1 n.5 (C.D. Cal. Sept. 30, 2012) ("The plain language of 28 U.S.C. § 1441(f) merely permits the district courts to hear cases over which the state court from which the action was removed does not have jurisdiction. Specifically, it abrogates the doctrine of derivative jurisdiction.... The statute does not create federal jurisdiction or give parties a right to remove based on a lack of state court jurisdiction.").

For these reasons, the undersigned concludes that the Court lacks subject matter jurisdiction over the action.

### Recommendation

The undersigned concludes that the removal of this action was defective because

it contravened 28 U.S.C. § 144l(b)'s forum-defendant rule and, additionally, the Court lacks subject matter jurisdiction over this action. Accordingly, the Court should grant the motion to remand [Dkt. No. 7] and remand this action to the Justice Court of Dallas County, Texas, Precinct 4, Place 1, the court from which it was removed.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 9, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE